SUSAN TURZAY, PLAINTIFF-RESPONDENT, v. ADOLPH BERKOWITZ, DEFENDANT-APPELLANT.

Submitted May 7, 1940—Decided July 3, 1940.

Before Justices Trenchard, Bodine and Porter.

For the plaintiff-respondent, *Harry A. Wilder* (*William F. Holmwood,* of counsel).

For the defendant-appellant, *Jaffe & Jaffe* (*J. Leroy Jordan,* of counsel).

The opinion of the court was delivered by

Porter, J. The defendant appeals from a judgment in favor of the plaintiff.

The suit was by a tenant against her landlord to recover for personal injuries suffered by a fall on an outside stairway retained and under control of the landlord on the theory that

the fall was caused by his negligence in failing to make reasonable repairs after notice.

The evidence was that the plaintiff was a tenant on the second floor of defendant's apartment house, that a leak developed which resulted in water leaking into her apartment. It was reported to defendant who had the roof repaired or resurfaced within a few days thereafter. About six months later water again leaked into the apartment and the plaintiff complained to the defendant that there was a leak "in the roof, leader, outlet and drain" which caused the water to leak into her apartment. The roofing company which had previously repaired or resurfaced the roof promptly repaired a minor leak, its agent testified, about the chimney and made an inspection of the roof, leader, outlet and drain and found all to be in good order. About three months later the plaintiff while descending the stairway in question slipped and fell on ice which had formed on the stairs. The only testimony as to the presence of the ice was that of the plaintiff and her son who said that the water which later froze came from over the roof and "through the sides of the drain and leader."

The landlord was under a duty to use reasonable care in keeping in repair the part of the premises retained by him for the common use of his tenants.

The proofs clearly raised a question of fact as to whether or not he was guilty of negligence in failing to discharge that duty and also the question of contributory negligence on the part of the plaintiff.

We think that there was testimony which supports the judgment. The rule is well settled that where a District Court judge sits without a jury and there is evidence to support his findings an appellate court will not review the facts. *Cf. Pollack* v. *New Jersey Bell Telephone Co.,* 116 *N. J. L.* 28, and cases therein cited. The trial court did not err in denying the defendant's motions for a nonsuit and a directed verdict.

Another point argued for reversal by the appellant is that the court erred in allowing testimony by the plaintiff's son, over objection, that water was coming over the roof through

the sides of the drain and leader on the theory that he was not an expert and was not competent to give an opinion. That testimony was not opinion testimony, it was testimony of a fact given by one who claimed to have seen what he described. It was not error to allow it.

Finding no error the judgment is affirmed, with costs.